IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MADISON TITLE AGENCY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. |
| v. | ) | |
| | ) | REMOVED FROM |
| BANK OF AMERICA | ) | SUPERIOR COURT |
| CORPORATION, | ) | |
| | ) | GWINNETT COUNTY CASE |
| | ) | NO. 20-A-04652-7 |
| Defendant. | ) | |
| | ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America Corporation[1] ("BAC" or "Defendant"), by and through its counsel, hereby files this Notice of Removal ("Notice") seeking to remove this action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based upon diversity jurisdiction because Plaintiff Madison Title Agency, LLC ("Plaintiff") and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendant states as follows:

---

[1] The wire transfer at issue in this case was directed to an account maintained by Bank of America, N.A. ("BANA") as the beneficiary bank. BAC is the ultimate corporate parent of BANA. BAC is not a bank and does not maintain consumer bank accounts or process wire transfers. BANA, not BAC, therefore, is the proper defendant in this action.

## I.      Background.

1.      This case was filed by Plaintiff in the Superior Court of Gwinnett County, Georgia on July 10, 2020, Civil Action No. 20-A-04652-7 (the "Complaint" or "Compl."). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant is attached as **Exhibit A**.

2.      Defendant was served with a copy of Plaintiff's Complaint on August 6, 2020.

## II.     This Notice of Removal is Timely Filed in the Proper Venue.

3.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes of action.

4.      The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days of the August 6, 2020 service of process upon Defendant.

5.      The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. 28 U.S.C. § 90(b)(2).

## III.    This Court Has Diversity Jurisdiction.

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332

because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

7.      "A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004). Upon information and belief, and based on the allegations in the Complaint, Plaintiff is a Limited Liability Company with its principal office located at 13101 Preston Road, Suite 300, Dallas, Texas 75240 (Compl., ¶ 5).   As of December 1, 2017, Plaintiff's two members are JREZ, LLC and Joseph J. Rosenbaum. JREZ, LLC owns 99.99% and Joseph J. Rosenbaum owns .0001%. JREZ, LLC is a New Jersey Limited Liability Company and Joseph J. Rosenbaum is a private individual who resides at 1125 Ocean Avenue, Lakewood, NJ 08701. Therefore, Plaintiff is a citizen of Texas and New Jersey.

8.      BAC is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters and principal place of business in North Carolina.

9.      BANA is a national banking association and a citizen of North Carolina because its articles of association establish that location as its main

offices.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association").  Accordingly, BANA is a citizen of North Carolina.

10.    Therefore, complete diversity of citizenship exists between Plaintiff and Defendant, and complete diversity of citizenship would exist between Plaintiff and BANA if Plaintiff amends his complaint to name BANA as the defendant.

11.    Plaintiff does not pray for a certain sum in his Complaint, but it is clear that the amount in controversy exceeds $75,000.00.  Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer."  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Thus, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of

the evidence that the amount in controversy more likely than not exceeds the [$75,000][2] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357.

12.     Here, Plaintiff has alleged that it was caught up in a business e-mail compromise (BEC) scheme and has "lost $368,948.75" ("Funds"). (Compl. ¶ 1). Thereafter, Plaintiff requests the return of these Funds in addition to attorney's fees and expenses. (Compl. ¶¶ 1, 14-19, 27-30).

13.     Although Defendant denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00.

14.     Plaintiff's claim for a return of the Funds demonstrates by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court.

15.     In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the properly joined parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of

---

[2] *Tapscott* was based on the former $50,000 jurisdiction amount under 28 U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from *Tapscott* says "$50,000."

Gwinnett County, Georgia, Defendant is entitled, pursuant to 28 U.S.C. §1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

**IV.   Notice of Removal Filed in Superior Court of Gwinnett County, Georgia.**

16.    Concurrently with this Notice, Defendant will file a copy of this Notice with the Superior Court of Gwinnett County, Georgia.

17.    In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 4th day of September, 2020.

/s/ Christine S. Kapur
Christine S. Kapur
Georgia Bar No. 197008
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5728 (Telephone)
(404) 443-5679 (Facsimile)

6

ckapur@mcguirewoods.com
*Attorney for Defendant Bank of America*
*Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MADISON TITLE AGENCY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. |
| v. | ) | |
| | ) | REMOVED FROM |
| BANK OF AMERICA | ) | SUPERIOR COURT |
| CORPORATION, | ) | |
| | ) | GWINNETT COUNTY CASE |
| | ) | NO. 20-A-04652-7 |
| Defendant. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE, FONT, AND MARGINS</u>

I hereby certify that on September 4, 2020, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on the following via First-Class Mail, postage prepaid, addressed to:

George A. Koenig
Koenig Law Group, P.C.
Peachtree 25th, Suite 599
1718 Peachtree Street NW
Atlanta, GA 30309
*Attorney for Plaintiff*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Christine S. Kapur
Christine S. Kapur
Georgia Bar No. 197008