# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MADISON TITLE AGENCY, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:20-cv-03674-SCJ |
| v. | ) | |
| | ) | REMOVED FROM |
| **BANK OF AMERICA, N.A.** | ) | SUPERIOR COURT |
| | ) | |
| Defendant. | ) | GWINNETT COUNTY |
| | ) | CASE NO. 20-A-04652-7 |
| | ) | |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW Madison Title Agency, LLC (hereinafter Plaintiff), plaintiff in the above-styled action, and for its Amended Complaint states as follows:

1.

This matter involves a business e-mail compromise (BEC) scheme orchestrated and carried out by and among a customer of Defendant, Bank of America, N.A. (hereinafter, the Bank), to unlawfully interfere with and wrongfully assert distinct acts of dominion over funds in denial of or inconsistent with Plaintiff's rights and by and through the contrivance of false representations intended to induce and in fact inducing the Plaintiff to make transfers of such funds with actual intent to hinder, delay, or defraud Plaintiff involving payment orders through financial institutions. Plaintiff is the victim of this scheme and lost $ 368,948.75 (the Funds).

2.

At its heart, BEC relies on the oldest trick in the con artist's handbook: deception. But the level of sophistication in this multifaceted global fraud is unprecedented, according to law enforcement officials, and professional businesspeople continue to fall victim to the scheme. Carried out by transnational criminal organizations that employ lawyers, linguists, hackers, and social engineers, BEC can take a variety of forms. But in just about every case, the scammers target employees with access to company finances and trick them into making wire transfers to bank accounts thought to belong to trusted partners—except the money ends up in accounts controlled by the criminals. The techniques used by these scammers include online ploys such as spear-phishing, social engineering, identity theft, e-mail spoofing, and the use of malware. The perpetrators are so practiced at their craft that the deception is often difficult to uncover until it is too late. If the fraud is not discovered in time, the money is hard to recover, thanks to the criminal group's use of laundering techniques and "money mules" worldwide that drain the funds into other accounts that are difficult to trace.[1]

3.

The crux of the scheme is that in and around September 2019 one of the Bank's customers and his confederates, acting as individuals and through various

---

[1] *See* https://www.fbi.gov/news/stories/business-e-mail-compromise-on-the-rise

shell companies, surreptitiously infiltrated a real estate purchase closing transaction wherein Plaintiff, a title insurance agent, was to pay-off the seller's existing mortgage. Using false and fraudulent instructions, the customer tricked Plaintiff into transferring the funds to an account opened at the Bank controlled by him through one of the shell companies. Immediately thereafter the customer and his confederates arranged for the further transfer of the funds through contrived transactions designed to cover up the fraud.

4.

The Bank's liability for Plaintiff's loss arises out of it making a payment of the Funds to its customer's account despite a misdescription in the payment order. Specifically, the name on the payment order received by the Bank was different from the name on the Bank's customer's account.

**PARTIES**

5.

Plaintiff is a title insurance agent formed in the state of Texas with its principal office at 13101 Preston Road, Suite 300, Dallas, Texas, 75240.

6.

Defendant Bank is a national banking association and a citizen of North Carolina. It has consented to be substituted into this action as a party defendant in place of Bank of America Corporation.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction and venue is proper.

## STATEMENT OF FACTS

8.

Plaintiff issued (on behalf of Stewart Title Guaranty Company) title policies in connection with a real estate transaction. In connection with clearing title exceptions, Plaintiff was to pay off the seller's existing mortgage to the seller's lender, RoundPoint Mortgage.

9.

On or about September 12, 2019, a person claiming to be the seller presented Plaintiff with a payoff statement with wire instructions altered from an earlier set of wire instructions (hereafter, the False Instructions). The False Instructions directed Plaintiff to wire the payoff amount to a Business Advantage account, Bank of America Account No. XXXX XXXX 7308 (hereinafter, the BOA Account) instead of the account identified in the earlier payoff statement. The False Instructions also identified the name of the account holder and owner of the BOA Account as "RoundPoint Kast Trans, LLC" when, in fact, the actual account holder and owner of the BOA account was Kast Trans, LLC, a company controlled by Stephane

4

Kacou, neither of who were the seller's lender. A redacted copy of the signature card for the BOA Account is attached hereto as Exhibit A.

10.

On September 18, 2019, an employee of Plaintiff wired the Funds to the BOA Account in accordance with the False Instructions. A copy of the payment order is attached hereto as Exhibit B. The payment order for the transfer of the Funds identified the name of the beneficiary as "RoundPoint Kast Trans, LLC." The name on the BOA Account, however, was for a different person: "Kast Trans, LLC." Thus, the beneficiary identified in the payment order differed from the name on the BOA Account, with the former being RoundPoint Kast Trans, LLC and the latter being Kast Trans, LLC.

11.

The Bank knew about the conflict between the name on the BOA Account and the name on the payment order at the time it processed the payment, and nevertheless paid Kast Trans, LLC the Funds. When processing payments such as this one, the Bank looks at and goes off the account number and name. The Bank's policy is to refuse to accept payment orders sent by Plaintiff where the Bank is unable to apply due to a name mismatch.

12.

In October 2019, Plaintiff became aware of the false nature of the False Instructions when the seller advised Plaintiff that he had received a monthly statement on the mortgage showing the balance still was due and owing.

13.

On or about October 19, 2019, Plaintiff informed the Bank that the Funds needed to be returned. The Bank refused to return the Funds.

## COUNT ONE
## RETURN OF FUNDS (O.C.G.A. § 11-4A-207)

14.

Plaintiff incorporates as if fully set forth herein paragraphs 1 to 13.

15.

Plaintiff is the originator of the Funds.

16.

Plaintiff directed a payment order to the Bank, which payment order identified the beneficiary both by name and by an identifying bank account number, but in fact the name and number identified different persons.

17.

The Bank knew and had actual knowledge that the name and number identified different persons and that there was a conflict between the name on the

payment order and the name on its BOA Account: (i) at the time of the payment and/or (ii) from the time such would have been brought to the attention of the individual conducting the transaction if the organization has exercised due diligence. The Bank nevertheless paid the Funds into the BOA Account.

18.

Acceptance of the payment order did not occur because there was no beneficiary of that order and the Bank is responsible to Plaintiff for the loss of the Funds.

19.

The acts of the Bank have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

### COUNT TWO
### NEGLIGENCE

20.

Plaintiff incorporates as if fully set forth herein paragraphs 1 to 13.

21.

BEC schemes, unauthorized ACH and wire transfers, fraudulent checks and fraudulent bank accounts are so pervasive that the Bank has established protocols to detect and prevent fraud.

22.

The Bank's policies and protocols required it to confirm both the account number and name when processing payment orders and to refuse to accept payment orders where such orders contain a mismatch between the name on the payment order and its customer.

23.

The Bank had a duty to follow its own policies and procedures in preventing the fraud perpetrated against Plaintiff.

24.

The Bank failed to follow its own policies and procedures to prevent the fraud perpetrated against Plaintiff in this instance.

25.

Had the Bank followed its policies and procedures the Funds would not have been paid and would have been returned to Plaintiff.

26.

The Bank has caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

## COUNT THREE
## ATTORNEYS' FEES AND EXPENSES

27.

Plaintiff incorporates as if fully set forth herein paragraphs 1 to 26.

28.

The expenses of litigation generally shall not be allowed as a part of the damages; but there the plaintiff has specially pleaded and has made prayer therefore and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

29.

The Bank has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

30.

Plaintiff is entitled to an award of its attorney's fees and litigation costs.

WHEREFORE Plaintiff requests relief as follows:

A. That judgment be entered against the Bank;

B. That prejudgment interest be awarded against the Bank;

C. That Plaintiff be awarded its attorney's fees and litigation costs; and

D. Such other and further relief as is just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of November, 2020.

          By:    */s/ George A. Koenig*
                  George A. Koenig
                  Georgia Bar No. 427626

                  KOENIG LAW GROUP, P.C.
                  Peachtree 25th, Suite 599
                  1718 Peachtree Street NW
                  Atlanta, Georgia 30309
                  Telephone: (678) 539-6171
                  Facsimile: (678) 539-6218

                  *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE AND TYPE**

Pursuant to Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 27th day of November, 2020, the foregoing **AMENDED COMPLAINT FOR DAMAGES** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ George Koenig
George Koenig
Georgia State Bar No. 427626

*Attorney for Plaintiff Madison Title Agency, LLC*